IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | |
|---|---|
| JON SIMS, SR., | )<br>) |
| Plaintiff, | )   1:24-CV-00312-MJH |
| vs. | )<br>) |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | )<br>)<br>) |
| Defendant, | ) |

OPINION

Pending before the court is an appeal from the final decision of the Commissioner of Social Security denying the claim of Jon Sims, Sr. for Social Security Disability Insurance ("SSDI") and Supplemental Social Security Income ("SSI") under of the Social Security Act ("SSA"), 42 U.S.C. §§ 405(g).   Mr. Sims contends the Administrative Law Judge (the "ALJ") erred by failing to properly weigh the medical opinion evidence of Mr. Sims treating psychiatric physicians and Mr. Sims's testimony.

The parties filed cross-motions for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. The matter is now ripe for decision.   Following consideration of the underlying administrative record (ECF No. 7), the respective motions and briefs (ECF Nos. 9, 10, 11, and 12), and for the following reasons, Plaintiff's Motion for Summary Judgment will be denied, and Defendant's Motion for Summary Judgment will be granted.

I.      **Relevant Law and Background**

A.  Social Security Disability Eligibility

To be eligible for Social Security benefits under the SSA, a claimant must demonstrate that he or she cannot engage in "substantial gainful activity" because of a medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or

can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986). When reviewing a claim, the ALJ must utilize a five-step sequential analysis to evaluate whether a claimant has met the requirements for disability. 20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine:

1. whether the claimant is currently engaged in substantial gainful activity;

2. if not, whether the claimant has a severe impairment or a combination of impairments that is severe;

3. whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., Pt. 404, Subpt. P, App'x 1;

4. whether the claimant's impairments prevent him from performing his past relevant work; and

5. if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003).

If the claimant is determined to be unable to resume previous employment, the burden shifts to the SSA/Commissioner at Step 5 to prove that, given claimant's mental or physical limitations, age, education, and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

   B.  Background

In his application for Social Security Disability, Mr. Sims asserted his ability to work was limited by 1) degenerative back issues; 2) anxiety; 3) depression; and 4) bipolar disorder. (ECF No. 7-7 at p. 3). In this appeal, Mr. Sims only raises mental health impairments. Mr. Sims alleges disability since March 2021. In January 2022, M. Sims first sought treatment through a psychiatric evaluation wherein he reported mood swings, paranoia, and anxiety. (ECF No. 7-8 at

p. 3).  The administrative recorded includes Psychiatric treatment records through September 2023.  Upon examination, providers described Mr. Sims as having an anxious mood, an irritable and anxious affect, and normal speech and memory. The psychiatrist prescribed Geodon; and thereafter, Mr. Sims attended medication check appointments every one to two months.

At his March 2022 follow-up, Mr. Sims reported improvement since starting Geodon. Objectively, Mr. Sim's mental status exam was improved with the only indications of a dysthymic (depressive) mood. (ECF No. 7-8).  Because of complaints of pain, Mr. Sims was prescribed Cymbalta, in addition to Geodon, for treatment of both pain and depression. In May 2022, Mr. Sims's doses were increased; and a few months later, he reported more stability on the medications. *Id*. Mr. Sims's mental status exams remained stable during this period with only occasional findings of a dysthymic mood, and no abnormalities in thoughts processes, memory, or speech.

In early 2023, Mr. Sims's mental health providers increased his Geodon dose after he reported some anger and mood swings. (ECF No. 7-9).  A few weeks later, Mr. Sims reported that his medication adjustment had a positive result.   In April 2023, Mr. Sims's Cymbalta dose was also increased.  For about a month in August 2023, Mr. Sims discontinued his medications; but then asked for his medications to be restarted, because he noticed he was significantly worse without the medicine. (ECF No. 7-10). After restarting the medications, Mr. Sims reported less anger and depression, and his September 2023 mental status exam was "completely normal."

      C.  Mr. Sims's Testimony

At the ALJ hearing, Mr. Sims testified that he ceased working on March 20, 2020 due to an inability to get along with his coworkers and his supervisors.  He further testified that this had been an ongoing, persistent struggle for him. (ECF No. 7-2).  Mr. Sims clarified that he would

have become violent with his coworkers had he continued to work. *Id*. Additionally, Mr. Sims testified that, while at this job, he would frequently "just walk away for a little bit" in order to calm down and gather himself before being able to return resume his work duties. *Id*. Mr. Sims asserted that, even when he appropriately decided to step away as opposed to becoming violent, it was a constant struggle interacting with others. *Id*. Ultimately, Mr. Sims felt that the struggle to control his mental health symptoms became too overpowering, which led him to leaving a job he once thoroughly enjoyed. *Id*. Mr. Sims testified extensively on how his mental health symptoms have not improved despite no longer working.

    D.  ALJ's Decision

Following a hearing on Mr. Sim's application for a period of disability and disability insurance benefits, the ALJ made the following findings under the five-step sequential analysis:

\*\*\*

2. The claimant has not engaged in substantial gainful activity since March 20, 2021, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.). **[STEP 1]**

3. The claimant has the following severe impairments: lumbar degenerative disc disease, anxiety, depression, schizophrenia spectrum disorder, gastroesophageal reflux disorder, hypertension, obesity, and alcohol use disorder (20 CFR 404.1520(c) and 416.920(c)). **[STEP 2]**

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526,   416.920(d), 416.925 and 416.926). **[STEP 3]**

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to occasional climbing of ramps, stairs, ladders, ropes, and scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; must avoid more than occasional exposure to vibrations; must avoid all exposure to workplace hazards; is limited to simple, routine tasks and simple decision-making in jobs with few changes to work processes or settings;

>   limited to occasional interaction with coworkers and supervisors in work with no tandem tasks; and is limited to no interaction with the public. **[RFC]**

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). **[STEP 4]**

    ***

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a). **[STEP 5]**

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 20, 2021, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(ECF No. 7-2 at pp 13-20).

In reaching her findings on Mr. Kerr's residual functional capacity, the ALJ considered, among other aspects of the record, the State agency reviewing psychologists' opinions that Mr. Sims had no more than moderate mental limitations and was able to meet the basic mental demands of competitive work on a sustained basis. (ECF No. 7-3). The ALJ found said opinions persuasive, because they were supported by the totality of the medical evidence that documented good response to psychotropic medications and stable mental status exams. (ECF No. 7-2).

## II.     Standard of Review

Judicial review of the Commissioner's final decision denying a claimant's application for benefits is provided by federal law. 42 U.S.C. § 405(g). The judicial review of a final decision is plenary with respect to questions of law. *Schaudeck v. Comm'r Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). With respect to factual findings, this court must determine whether there is substantial evidence which supports the findings of the Commissioner. "Substantial evidence is

5

'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389 (1971)). The deferential standard has been referred to as "less than a preponderance of evidence but more than a scintilla." *Burns v. Burhart*, 312 F.3d 113, 118 (3d Cir. 2002).

This standard, however, does not permit the court to substitute its own conclusion for that of the fact-finder. *Id*.; *Fargnoli v. Massonari*, 247 F.3d 34, 38 (3d Cir. 2001) (reviewing whether the administrative law judge's findings "are supported by substantial evidence" regardless whether the court would have differently decided the factual inquiry). The court will not affirm a determination by substituting what it considers to be a proper basis even if it might have reached a different conclusion. *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196-7 (1947).

**III.    Discussion**

Mr. Sims contends that the ALJ erred by failing to properly weigh the medical opinion evidence of Mr. Sims's treating psychiatric physicians and Mr. Sims's own testimony.  Mr. Sims maintains that the ALJ's conclusions, regarding these opinions, were not supported by substantial evidence and were the result of the ALJ impermissibly substituting her own lay interpretation of the medical evidence.

The Commissioner argues that the ALJ's determination was supported by substantial evidence.  Specifically, the Commissioner maintains that the ALJ's evaluation of Plaintiff's subjective complaints was proper, consistent with the medical records, and supported by state agency evaluations.

Social Security regulations provide that subjectively alleged symptoms alone cannot establish disability. 20 C.F.R. § 404.1529(a) ("statements about your pain or other symptoms

will not alone establish that you are disabled."). Rather, assessing a claimant's subjective complaints is the province of the ALJ. *Id*. So long as substantial evidence supports her conclusion, the court should afford "great deference" to the ALJ's evaluation of Plaintiff's subjective allegations. *Horodenski v. Comm'r of Soc. Sec.*, 215 F. App'x 183, 189 (3d Cir. 2007).

Here, the record supports that that the ALJ considered Plaintiff's subjective complaints, but determined that the medical records did not support the "intensity, persistence, and limiting effects" reported by Mr. Sims. Instead, the record demonstrates that Mr. Sims's testimony, regarding his intolerance of coworkers and anger issues, all occurred nine months before he began psychiatric treatment. Moreover, his treatment records indicate improvements to mood and a stable mental state when he was compliant with taking his prescribed medications. These records were also consistent with the state agency reviewing psychologists, who opined that Mr. Sims could maintain competitive work. Therefore, while Mr. Sims, himself, reports certain mood difficulties, his testimony reflects pre-treatment work attitudes, and his continuum of treatment indicates an improved and stable mental status. Thus, the ALJ's findings vis-à-vis Mr. Sims were supported by substantial evidence.

## IV.   Conclusion

Accordingly, Plaintiff's Motion for Summary Judgment is denied, and Defendant's Motion for Summary Judgment is granted. The within appeal is dismissed, and the Clerk will mark the case closed.

DATED this 19th day of December, 2025.

BY THE COURT:

MARILYN J. HORAN
United States District Judge